UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR, Plaintiff, )<br>)<br>)<br>)<br>v.<br>FARRINGTON ASSOCIATES, INC., and HONEYWELL TECHNOLOGY SOLUTIONS, INC., Defendants. | CIVIL ACTION NO.: 04-12458-RGS |

ELAINE L. CHAO, Secretary of Labor,
UNITED STATES DEPARTMENT OF LABOR,
    Plaintiff,

v.

FARRINGTON ASSOCIATES, INC., and
HONEYWELL TECHNOLOGY
SOLUTIONS, INC.,
    Defendants.

CIVIL ACTION NO.: 04-12458-RGS

## MOTION TO JOIN HONEYWELL TECHNOLOGY SYSTEMS, INC. AS A DEFENDANT

The Defendant, Farrington Associates, Inc. ("Farrington Associates") moves pursuant to Rule 19(a) of the Federal Rules of Civil Procedure to join Honeywell Technology Systems, Inc. ("Honeywell") as a defendant to this action. As grounds for this Motion, Farrington Associates asserts the following:

(1)    Farrington Associates is and at all times relevant hereto was, a Delaware corporation having an office and place of business at 460 Totten Pond Road in Waltham, Massachusetts, engaged in providing staffing support services.

(2)    On November 19, 2004, the United States Department of Labor ("DOL") brought a Complaint, to recover allegedly unpaid wages and liquidated damages pursuant to the provisions of sections 15(a)(2) and 16(c) of the Fair Labor Standards Act of 1938, as amended, (52 Stat. 1060, 29 USC 201 et seq.), hereinafter called "the Act."

(3)    The DOL has alleged that Farrington Associates willfully and repeatedly violated the provisions of Section 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

(4)    The alleged violations stem from a contract wherein Farrington Associates agreed to provide staff support services to Honeywell Technology Solutions, Inc. ("Honeywell") in connection with Honeywell's work on the Central Artery project, (the "Big Dig").

(5)    Honeywell needed computer professionals to perform work on Honywell's highly sophisticated Integrated Project Control System, which uses heat sensors, air monitors, video cameras, infrared light beams, and other devices to monitor and detect traffic, air quality, fires, hazardous gases, and liquids in the new highway tunnels running underneath Boston.

(6)    Honeywell interviewed and selected all the Farrington Associates computer specialists which were to perform work on the Big Dig.

(7)    The workers which Farrington Associates provided held positions such as Quality Assurance Engineers, Senior Field Test Engineers, and Field Test Engineers. As such, they were software engineers or other similarly skilled workers, whose primary duties involved conducting analysis, testing, or modifications of computer systems or programs based on and related to system design specifications. Such workers appropriately fall under the computer occupation exemption of the FLSA.

(8)    Honeywell directed the manner in which the work was performed and supervised the workers by promulgating work rules, work assignments, and conditions of employment.

(9)    Moreover, Honeywell set the employees' work schedule and compensation. Honeywell dictated when the subject employees would be required to work in excess of forty (40) hours per week.

(10)    At all times relevant hereto, Farrington Associates believed that these employees were computer professionals, exempt form the overtime wage mandate.

(11)    It is the DOL's position that these employees did not qualify under the computer occupation exemption of the FLSA.

(12)    Honeywell's joinder in the suit is necessary for a just adjudication of this matter, because it is the entity that established the terms and conditions of the subject employees' employment and directed their work efforts.

(13)    At no time during the period in question did Farrington Associates direct, manage, or oversee the subject employees' work efforts on the Central Artery Project.

(14)    Honeywell has never paid Farrington Associates any sums intended to compensate Farrington Associates for overtime wages for the subject employees.

(15)    It is the position of Farrington Associate's that should it be adjudicated to have violated any provisions of the Act, Honeywell is either fully responsible for any damages as the true employer of the subject employees or jointly liable under a joint employer theory.

(16)    Accordingly, in Honeywell's absence, complete relief cannot be accorded among the parties.

(17)    Farrington Associates is prepared to commence a separate lawsuit against Honeywell to establish its right of indemnification, but such a lawsuit would not enhance the objective of judicial economy and would further burden the Court.

WHEREFORE, Farrington Associates respectfully requests that the Court grant its Motion to Join Honeywell and permit it to serve the attached Cross-Claim Complaint on Honeywell.

Respectfully submitted,

Farrington Associates, Inc.,
By its attorneys,

DATED: December 27, 2004

Denzil D. McKenzie (BBO #336420)
Sandy P. Botelho (BBO #648514)
McKenzie & Associates, P.C.
44 School Street, Suite 1100
Boston, MA  02108
(617) 723-0400

## CERTIFICATE OF SERVICE

I, Sandy P. Botelho, do hereby certify that on this date I served a copy of the forgoing MOTION TO JOIN HONEYWELL TECHNOLOGY SYSTEMS, INC. AS A DEFENDANT on all counsel of record to this matter by sending same via first class mail, postage pre-paid, to:

> Constance B. Franklin, Esq.
> U.S. Department of Labor
> Office of Solicitor
> JFK Federal Building – Room E-375
> Boston, MA  02203

Dated:  December 27, 2004

Sandy P. Botelho