UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO Secretary of Labor,    *
   United States Department of Labor,  *
                                       *
               Plaintiff,              *
                                       *        CIVIL ACTION
       v.                              *
                                       *        FILE NO.  04-12458-RGS
FARRINGTON ASSOCIATES, INC.            *
                                       *
                                       *
               Defendant.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## Memorandum in Support of the Secretary of Labor's Objection to Defendant's Rule 19(a) Joinder Motion and proposed Cross-Claim

Pursuant to her statutory authority, the Secretary of Labor has sued to enjoin defendant Farrington Associates from violations of the Fair Labor Standards Act (FLSA) and to seek an award of back wages and compensatory liquidated damages as to employees who were paid straight time wages for overtime hours worked in contravention of section 7 of the FLSA (29 USC 207). This is a public action to enforce a federal statute.

Farrington had a private contract with Honeywell to supply its employees to test installed equipment (cameras, signals, etc.) on Honeywell's traffic control system for the Central Artery/Tunnel project known as Boston's Big Dig.  The nature of Farrington's contract and dealings with Honeywell involve private transactions that are independent and unrelated to the FLSA issues involved in the instant enforcement action.

Farrington has filed an FRCP Rule 19(a) joinder motion to add Honeywell as a defendant and to assert cross-claims based on contribution, indemnification, breach of contract and

covenants, and misrepresentation. These are private claims totally separate from the FLSA

allegations in this enforcement action; they do not belong in this case.    As stated in La Chemise

Lacoste v General Mills, Inc., 53 FRD 596, 601 (DC Del 1971), affirmed 487 F. 2d 312 (3d Cir,

1973):

> It amounts to a misapplication of Rule 19(a) to add parties who are neither necessary nor
> indispensable and who are not essential for just adjudication in order to be able to assert
> against them claims that foreign and unrelated to the claims asserted in the pleadings and
> on a separate cause of action entirely.

Farrington's motion does not satisfy the requirements of Rule 19(a) in other ways as well.

Rule 19(a)(1) requires the joinder of a person as a necessary party if, in part, "in the person's

absence complete relief cannot be accorded among those already parties." Here, complete relief

in this action can be accorded to the parties:  the Secretary seeks and can obtain an injunction and

award of back wages as to Farrington, not the proposed defendant Honeywell; and if Farrington

successfully defends against the Secretary's allegations, the case is at an end. Either way, there is

complete relief under the FLSA, which is the jurisdictional basis of this action.  See e.g. U.S. v

San Juan Bay Marina, 239 F3d. 400 (1st Cir, 2001) (affirming District Court's refusal to permit

private defendant to implead Puerto Rico, and discussing determination of who is a necessary

party under FRCP Rule 19(a)).

Rule 19(a) also requires that the proposed party  (Honeywell is Farrington's proposed

party):

> claims an interest relating to the subject of the action and is so situated that the
> disposition of the action in the [party's] absence may (i) as a practical matter impair or
> impede the [party's] ability to protect that interest or (ii) leave any of the persons already
> parties subject to a substantial risk of incurring double, multiple, or otherwise
> inconsistent obligation by reason of the claimed interest.

Farrington cannot show that its proposed new defendant Honeywell claims an interest in this

FLSA case. Indeed, Farrington has not bothered to alert Honeywell to its motion to add

Honeywell as a party here, contrary to Local Rule 15.1. Moreover, the Secretary's enforcement

action is against Farrington, not Honeywell, and so offers no harm to Honeywell. Finally, there is no scenario under which the Secretary's enforcement action here will risk the imposition of "double, multiple or inconsistent obligations" on "persons already parties", i.e. Farrington or the Secretary.

Denial of Farrington's Rule 19(a) joinder motion deprives Farrington of nothing. As Farrington itself notes in paragraph (17) of its Motion, "Farrington is prepared to commence a separate lawsuit against Honeywell."

Conversely, granting Farrington's Rule 19(a) joinder motion would be an unprecedented ruling that would let Farrington, a private party, "arrogate to itself power delegated by Congress solely to the Secretary." Brennan v Emerald Renovators, Inc., 410 F. Supp. 1057, 1062 (SDNY, 1975) (district court denies FLSA defendant's motion to implead another party).

Authoritative case law holds that there is no jurisdiction under the FLSA to assert the kinds of private claims proposed by Farrington as cross-claims here: contribution, indemnification, contract and covenant breaches, and misrepresentation. In another FLSA enforcement action by the Secretary, Herman v RSR Security Services et al., 172 F. 3d 132 (1999), the Second Circuit affirmed the District Court's dismissal of a defendant's third-party complaint against a proposed defendant as well as his cross-claims of contribution and indemnification against other defendants. In so doing, the Court of Appeals relied on "the methodology of Northwest Airlines, Inc. v Transport Workers Union, 451 U.S. 77 (1981)" and offered the following analysis of the same issues presented by Farrington's motion here, along with a comprehensive citation list:

> There is no right of contribution or indemnification for employers found liable under the FLSA. The reasons are readily apparent. First, the text of the FLSA makes no provision for contribution or indemnification. Second, the statute was designed to regulate the conduct of employers for the benefit of employees, and it cannot therefore be said that employers are members of the class for whose benefit the FLSA was enacted.

Third, the FLSA has a comprehensive remedial scheme as shown by the "express provision for private enforcement in certain carefully defined circumstances." *Northwest,* 451 U.S. at 93, 101 S.Ct. 1571. Such a comprehensive statute strongly counsels against judicially engrafting additional remedies. Fourth, the Act's legislative history is silent on a right to contribution or indemnification. [Citations omitted.] Accordingly, we hold that there is no right to contribution or indemnification for employers held liable under the FLSA.

Cases from other circuits support this conclusion. Several have followed *Northwest* 's reasoning in similar situations. *See Martin v. Gingerbread House, Inc.,* 977 F.2d 1405, 1408 (10th Cir.1992) ("a third party complaint by an employer seeking indemnity from an employee is preempted" by the FLSA); Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir.1992) (court should not "engraft an indemnity action upon this otherwise comprehensive federal statute," *i.e.,* the FLSA); *LeCompte v. Chrysler Credit Corp.,* 780 F.2d 1260, 1264 (5th Cir.1986) (same).

Herman v RSR Security Services et al., 172 F. 3d 132, 143-4 (1999).

Congress delegated to the Secretary the exclusive right to seek injunctive relief under the FLSA (see 29 USC §217). It did not give to any private party the right to decide who the Secretary should sue. Wherefore, defendant Farrington's motion to add Honeywell as a defendant in this FLSA enforcement action should be denied.

Post Office Address:
U.S. Department of Labor
Office of Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL:(617)565-2500
FAX:(617)565-2142

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Constance B. Franklin
Attorney
BBO 177620

U.S. Department of Labor
Attorneys for Plaintiff

I hereby do certify that I served the foregoing Memorandum in Support of Secretary of Labor's Objection to Defendant's Rule 19(a) Joinder Motion and proposed Cross-Claim by placing one copy of same in a postage-paid envelope addressed to: Attorneys Denzil McKenzie and Sandy Botelho, McKenzie & Associates, 44 School Street, Suite 1100, Boston, MA 02108 and depositing same in the United States Mail at Boston, Massachusetts on January 7, 2005.