UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,    *
United States Department of Labor,     *
                    Plaintiff,         *    CIVIL ACTION
        v.                             *    FILE NO. 04-12458-RGS
FARRINGTON ASSOCIATES, INC.            *
                    Defendant.         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

JUDGMENT

Plaintiff having filed a complaint and the defendant having appeared by counsel, filed answer to the complaint and, without admitting liability, agreed to the entry of this judgment without contest,

It is, therefore, ORDERED, ADJUDGED and DECREED that defendant, its agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners:

Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Further, the Court finding as agreed to by the defendant, but without admitting liability therefor, that employees are due compensation in the amount of $83,002 as shown on attached

"Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendant is restrained from withholding payment of said compensation.

The defendant represents that it has been in compliance with the Act since May, 2004. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

The back wage provisions of this judgment shall be deemed satisfied when the defendant delivers to the persons listed in "Exhibit A" attached hereto the respective sums set opposite their names, less deductions for each employee's share of social security and withholding taxes, pursuant to the following installment plan: $6,916.67 per month as set forth in the Monthly Installment column of Exhibit A hereto, to be distributed to employees by the fifteenth of each month, commencing August 15, 2005 and continuing through July 15, 2006. The defendant will pay the employer's share of Social Security and Medicare taxes on the back wage portion of the amounts listed in Exhibit A. With each installment, the defendant will also pay each employee interest at the rate of 1% per annum on the outstanding balance due such employee. If defendant fails to pay any installment on or before the dates provided herein, the entire remaining balance to become immediately due and owing from defendant, with 5% interest per annum accruing thereon from the date of the first missed installment.

On or before September 15, 2006, the defendant shall transmit to plaintiff an accounting statement showing net and gross amounts for all employees, proof of payment for those employees who have been paid, and a listing of employees who have not been located or whose checks have not been cashed. Also on or before July 1, 2006, the defendant shall send to plaintiff a check payable to "Wage and Hour Division – Labor" for the total net amount of any

checks which have not been distributed or cashed.

Any recovered wages which plaintiff cannot distribute to the employees named in "Exhibit A", or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums, shall after three years be deposited into the United States Treasury as miscellaneous receipts, pursuant to 20 USC 216(c).

Defendant shall not, under any circumstances, accept and keep any amount returned to it by a person owed compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated _Aug. 23,_ 2005.

_/s/ Richard G. Stearns_
Richard G. Stearns
United States Senior District Judge

Defendant hereby consents to
the entry of this judgment.

_/s/_
Denzil D. McKenzie (BBO # 336420)
Sandy P. Botelho (BBO # 6485214)
McKenzie & Associates, P.C.
44 School Street, Suite 1100
Boston, MA 02108
tel 617-723-0400  fax 617-723-7234

Attorneys for Defendant
Farrington Associates, Inc.

Plaintiff moves for entry of this judgment.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_/s/_
Constance B. Franklin (BBO #177620)
Attorney

Solicitor's Office
U.S. Department of Labor
Kennedy Federal Bldg. Rm. E-375
Boston, MA 02203
tel 617-565-2500  fax 617-565-2142

Attorneys for Plaintiff

Exhibit A

to Consent Judgment

| EMPLOYEE | BACK WAGES | LIQUIDATED DAMAGES | GROSS COMPENSATION DUE | MONTHLY INSTALLMENT (before interest) |
|---|---|---|---|---|
| Janine Becker | $3,005 | $3,005 | **$6,010** | $500.83 |
| Michael Breen | $4,378.50 | $4,378.50 | **$8,757** | $729.75 |
| Nicolas Conill | $4,314.50 | $4,314.50 | **$8,629** | $719.08 |
| Thomas Doherty | $465 | $465 | **$930** | $77.50 |
| Christopher Lee | $630 | $630 | **$1,260** | $105.00 |
| Gerald Mailly | $4,264.50 | $4,264.50 | **$8,529** | $710.75 |
| Jonathan Moore | $3,755 | $3,755 | **$7,510** | $625.83 |
| Leo Pronovost | $10,576 | $10,576 | **$21,152** | $1762.67 |
| Rena Tobias | $1,099 | $1,099 | **$2,198** | $183.17 |
| Peter Tse | $5,868.50 | $5,868.50 | **$11,737** | $978.08 |
| William Ward | $3,145 | $3,145 | **$6,290** | $524.17 |
| **TOTALS** | $41,501 | $41,501 | $83,002 Gross Compensation Due | $6916.67 |

Elaine L. Chao, Secretary of Labor, U.S. Department of Labor

v

Farrington Associates, Inc.

C.A.File No.04-12458-RGS